IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MID-STATE AUTOMOTIVE, INC., et al.,

    Plaintiffs,

v.                                      CIVIL ACTION NO. 2:19-cv-00407

HARCO NATIONAL INSURANCE CO.

    Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Harco National Insurance Company's Motion to Dismiss Counts II and III [ECF No. 7]. For the reasons that follow, the Motion is **GRANTED in part** and **DENIED in part**.

I.    **Introduction**

Mid-State Automotive, Inc., Rodney LeRose II, Jonathan LeRose, Mid-State Properties, LLC, and Mid-State Ford, LLC ("Plaintiffs") brought the current action against Defendant Harco National Insurance Co. ("Harco"). Plaintiffs obtained insurance coverage from Harco for their businesses. Compl. [ECF No. 1]. On June 9, 2017, a fire devastated the building and business personal property owned by Plaintiffs. *Id.* at ¶ 12. Plaintiffs presented claims to their insurer, Harco, for the substantial damages to their building, business personal property, lost business income, and increased expenses as a result of the fire. *Id.* at ¶ 13. Harco accused

Plaintiffs of arson and refused to pay the benefits to which they were entitled under their insurance policy. *Id.* at ¶¶ 15–16. Plaintiffs then hired counsel. *Id.* at ¶17.

Plaintiffs' counsel asked Harco to pay the value of the damage to the business personal property and to pay the policy limit for damage to the building. *Id.* at ¶¶ 20, 22. After months of negotiations, Plaintiffs and Harco resolved the claim for damages to business personal property. *Id.* at ¶ 25. After continued requests by Plaintiffs and delays by Harco, Harco tendered the policy limit for damages to the building caused by the fire almost two years later on April 3, 2019. *Id.* at ¶¶ 21–26.

On May 24, 2019, Plaintiffs initiated the instant action against Defendant alleging a breach of contract claim in Count I, a *Hayseeds* damages claim in Count II, a breach of the implied covenant of good faith and fair dealing in Count III, and an unfair claims settlement practices claim in Count IV. On August 2, 2019, Defendant Harco moved to dismiss Counts II and III for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D.W. Va. Feb. 27, 2019). To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief

that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). "[A] complaint is to be construed liberally so as to do substantial justice." *Id.*

### III. Discussion

#### a) Count II: Substantially Prevailing Damages

Harco moves to dismiss Count II of Plaintiffs' Complaint asking for *Hayseeds* damages. In West Virginia, "a first-party insured may bring a bad faith claim against an insurer, once the underlying claim has been resolved." *Slampak v. Nationwide Ins. Co. of Am.*, No. 5:18CV154, 2019 WL 3304814, at *6 (N.D.W. Va. July 23, 2019). "Such a claim typically arises from the insurer's duty to settle with its insured on a claim for which the insured was legally entitled to recover." *Id.* (internal quotes removed). However, it is "of little importance whether an insurer contests an insured's claim in good or bad faith."[1] *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 79

---

[1] When the West Virginia Supreme Court of Appeals decided *Hayseeds*, "the Court did not use good faith and fair dealing as the standard for insurance company conduct. The standard used was more strict." Thomas C. Cady et. al., *The Law of Insurance Company Claim Misconduct in West Virginia*, 101 W. Va. L. Rev. 1, 8 (1998). As commentators have noted, "[t]he Court established a strict liability standard in which the insurer is liable for reasonable attorney fees and consequential damages if the insured substantially prevails." *Id.* "The concepts of 'reasonable, unreasonable, wrongful, good faith and bad faith' have no bearing on this determination." *Id.*

3

(W.Va. 1986). "In either case, the insured is out his consequential damages and attorney's fees." *Id.*

In the seminal *Hayseeds* case, the West Virginia Supreme Court of Appeals held that when a policyholder "substantially prevails in a property damage suit against an insurer," the policyholder is entitled to reasonable attorney's fees in vindicating the claim, damages for economic loss caused by the delay in settlement, and aggravation and inconvenience. 352 S.E.2d 73, 80 (W.Va. 1986). In *Jordan v. Nat'l Grange Mut. Ins. Co.*, the Court explained "that an insured 'substantially prevails' in a property damage action against his or her insurer when the action is settled for an amount equal to or approximating the amount claimed by the insured *immediately prior to the commencement of the action*, as well as when the action is concluded by a jury verdict for such an amount." 393 S.E.2d 647, 652 (W. Va. 1990) (emphasis added). The insured can recover reasonable attorney's fees "as long as the attorney's services were necessary to obtain payment of the insurance proceeds." *Id.* "To hold otherwise would be unfair to the insured, who originally purchased the insurance policy to be protected from incurring attorney's fees and expenses arising from litigation." *Hayseeds*, 352 S.E.2d at 79.

Here, Plaintiffs submitted a claim under their insurance policy issued by Harco for damages to their building and business personal property from the June 9, 2017 fire. Harco accused Plaintiffs of arson and refused to pay. As a result, Plaintiffs hired counsel to recover their benefits. After months of negotiations and delays from Harco, Harco agreed to pay the policy limit for damages to the building and resolved the

business personal property claim. Thus, Plaintiffs have stated sufficient facts at this stage showing they substantially prevailed when Harco tendered the full policy limit for the damage to their business prior to the commencement of this action. *See Jordan*, 393 S.E.2d at 652. Plaintiffs have also shown that an "attorney's services were necessary to obtain payment of the insurance proceeds." *See id*.

Harco argues this claim should be dismissed because the matter was settled before a lawsuit was initiated. However, the West Virginia Supreme Court of Appeals has stated that a plaintiff "substantially prevails in a property damage action" when the action is settled "prior to the commencement of the action." *See id*. In addition, Defendant Harco has not cited any cases stating a *Hayseeds* claim is barred if a lawsuit never begins. Therefore, at this stage, Defendant Harco's Motion is **DENIED** as to Count II.

### b) Count III: Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant Harco next moves to dismiss Plaintiffs' claim in Count III for a breach of the implied covenant of good faith and fair dealing. Though a bad faith *Hayseeds* claim for attorney's fees and other damages applies after a policyholder "substantially prevails," the duty of good faith and fair dealing is separate and "exist[s] regardless of whether the policyholder 'substantially prevails.'" *Honaker v. Mahon*, 552 S.E.2d 788, 797 n.8 (2001); *see also Slampak v. Nationwide Ins. Co. of Am.*, No. 5:18CV154, 2019 WL 3304814, at *5–7 (N.D.W. Va. July 23, 2019) (dismissing an independent claim for breach of the duty of good faith and fair dealing while allowing a *Hayseeds* bad faith claim to move forward).

West Virginia does not recognize a standalone cause of action for a breach of the duty of good faith and fair dealing. *See Evans v. United Bank, Inc.*, 775 S.E.2d 500, 508–09 (W. Va. 2015). While "a covenant of good faith and fair dealing is implied in every contract for the purposes of evaluating a party's performance of that contract," a breach of the good faith and fair dealing covenant is merely grounds for recovery under a valid breach of contract claim. *Warden v. PHH Mortg. Corp.*, No. 3:10-CV-75, 2010 WL 3720128, at *5–6 (N.D.W. Va. Sept. 16, 2010). Thus, "a claim for breach of the implied covenant of good faith and fair dealing can only survive if the borrower pleads an express breach of contract claim." *Evans*, 775 S.E.2d at 508 (quoting *Hanshaw v. Wells Fargo Bank, N.A.*, No. 2:14-CV-28042, 2015 WL 5345439, at *17 (S.D.W. Va. Sept. 11, 2015)). And "the Court will consider whether the Plaintiff[s] ha[ve] stated a claim for breach of contract and dismiss any claim based on breach of a duty of good faith and fair dealing." *Knisely*, No. 3:14-CV-15, 2014 WL 4084517, at *15.

Plaintiffs state in Count III that Harco breached the implied covenant of good faith and fair dealing by mishandling their "claims for the…lost business income[ ] and increased expenses." Compl. [ECF No. 1] at ¶ 53. In Count I, Plaintiffs plead a breach of contract claim alleging Harco did not provide coverage for their loss of business income and extra expenses in violation of Plaintiffs' insurance policy. Accordingly, to the extent that Count III contains allegations regarding Plaintiffs' lost business income and increased expenses, this Court will treat Count I Breach of Contract and Count III Breach of the Implied Covenant of Good Faith and Fair

Dealing as a single breach of contract claim. *See Mountaineer Prop. Co., LLC v. Assurance Co. of Am.*, No. 1:15-CV-104, 2016 WL 5107026, at *3 (N.D.W. Va. Sept. 20, 2016) (construing "Count II Breach of Contract and Count III Breach of Implied Covenant of Good Faith and Fair Dealing, as a single breach of contract claim").

Plaintiffs also allege in Count III that Harco breached the implied covenant of good faith and fair dealing by mishandling their "claims for the damage to their building" and "business personal property." Compl. [ECF No. 1] at ¶ 53. However, Plaintiffs are not alleging an express breach of contract claim based on damage to their building and business personal property. Unlike the allegation regarding lost business income and increased expenses, which is connected to the breach of the insurance contract in Count I, Plaintiffs do not reference a failure to perform under the insurance contract in regard to the damage to the building and business personal property. Because West Virginia does not recognize a standalone claim for breach of the covenant of good faith and fair dealing and because Plaintiffs have not alleged an express breach of contract claim here, this Court will "dismiss any claim based on breach of a duty of good faith and fair dealing." *See Knisely*, No. 3:14-CV-15, 2014 WL 4084517, at *15.

Therefore, at this stage, Defendant Harco's Motion to Dismiss Count III is **DENIED** regarding the loss of business income and increased expenses and **GRANTED** regarding the damage to Plaintiffs' building and business personal property.

7

## IV. Conclusion

For the reasons stated herein, Defendant Harco's Motion to Dismiss [ECF No. 7] is **GRANTED in part** and **DENIED in part**. Defendant Harco's Motion to Dismiss Count II is **DENIED**. Defendant Harco's Motion to Dismiss Count III is **DENIED** regarding the loss of business income and increased expenses and **GRANTED** and **DISMISSED** regarding the damage to Plaintiffs' building and business personal property.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 18, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE