IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MID-STATE AUTOMOTIVE, INC., et al.,

    Plaintiffs,

v.                                CIVIL ACTION NO. 2:19-cv-00407

HARCO NATIONAL INSURANCE CO.

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Harco National Insurance Company's Motion for Summary Judgment as to Claims Brought By Plaintiffs That Are Not Named Insureds Under the Harco Policy. [ECF No. 13]. For the reasons that follow, the Motion is **GRANTED**.

I.    Introduction

Mid-State Automotive, Inc., Rodney LeRose II, Jonathan LeRose, Mid-State Properties, LLC, and Mid-State Ford, LLC ("Plaintiffs") brought the current action against Defendant Harco National Insurance Co. ("Harco") for breach of contract related claims resulting from a June 9, 2017 fire. The fire devasted the building and business personal property owned by Plaintiffs at 1000 Arbuckle Road, Summersville, West Virginia.

Mid-State Automotive, Inc. is a closely-held corporation that operates Plaintiffs' Sutton and Beckley dealerships. Pls. Resp. Mot. Summ. J. [ECF 22].

Rodney LeRose, II is its sole shareholder. *Id.* Mid-State Properties, LLC is a limited liability company that owns all of Plaintiffs' dealership properties. *Id.* Mid-State Properties has two members: Rodney LeRose, II and his brother, Jonathan. *Id.* Mid-State Properties is the title owner of the building that was destroyed. *Id.* Mid-State Ford, LLC is also a limited liability company in which the LeRose brothers are the only members. *Id.* Mid-State Ford operates Plaintiffs' Ford dealership in Summersville. *Id.*

In August 2015, Plaintiffs obtained insurance coverage from Harco for the businesses, a Commercial – Special Form insurance policy, number CPP000654101, with effective dates of August 15, 2016 through August 15. Compl. [ECF No. 1] ¶ 10, 11. However, "[o]nly two of the five Plaintiffs in this action (i.e. Mid-State Automotive, Inc. and Mid-State Ford, LLC) are identified as Named Insureds under the subject Harco Policy." Mot. Summ. J. [ECF No. 13] 1. "Plaintiffs Rodney LeRose II, Jonathan LeRose, and Mid-State Properties, LLC are not identified as Named Insureds under the Harco Policy." *Id.*; *see* Exs. 1–5 [ECF No. 15].

Plaintiffs initiated the instant action against Defendant alleging a breach of contract claim in Count I on behalf of Plaintiffs Mid-State Ford, LLC, Rodney LeRose II, and Jonathan LeRose, a *Hayseeds* damages claim in Count II on behalf of all Plaintiffs, a breach of the implied covenant of good faith and fair dealing in Count III on behalf of all Plaintiffs, and an unfair claims settlement practices claim in Count IV on behalf of all Plaintiffs. Defendant Harco moves for summary judgment as to the

2

claims brought by Plaintiffs that are not named insureds under the Harco Policy, Rodney Lerose II, Jonathan Lerose, and Mid-State Properties, LLC. [ECF No. 13].

## II. Legal Standard

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case." *Lester v. Gilbert*, 85 F. Supp. 3d 851, 857 (S.D. W. Va. 2015) (quoting *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010)). "A genuine issue of material fact exists if ... a reasonable fact-finder could return a verdict for the non-movant." *Runyon v. Hannah*, No. 2:12-1394, 2013 WL 2151235, at *2 (S.D. W. Va. May 16, 2013) (citations omitted); *see Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) ("Disposition by summary judgment is appropriate ... where the record as a whole could not lead a rational trier of fact to find for the non-movant."). The moving party bears the burden of showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## III. Discussion

In this case, there is no factual dispute as to which parties are the Named Insureds under the Harco Policy—only Mid-State Automotive, Inc. and Mid-State Ford, LLC appear as Named Insureds. The issue here is whether Mid-State Properties, Rodney LeRose, II, and Jonathan LeRose, though not Named Insureds under the policy, may sue Harco for breach of contract under the insurance policy.

3

The West Virginia Supreme Court of Appeals has been clear that "an individual who is not a party to the insurance contract cannot maintain a suit on the policy." *Farmers & Mechanics Mut. Ins. Co. v. Allen*, 778 S.E.2d 718, 723 (2015). This is because "a contract of insurance is a personal contract between the insurer and the insured named in the policy." *Id.* As such, "[a]n insurance policy and all rights arising from the policy are controlled by principles of contract, rather than property law." *Id.* at 724. "It is also axiomatic that an insurance policy is a contract of indemnity which pertains to the parties to the contract as opposed to the property being insured." *Id.* at 723. It would be "patently unfair" if a party did not have a "right to choose whom it will or will not insure." *Id.* at 724. Thus, "[i]f a contract unambiguously identifies the insureds, then a court may not, by judicial construction, enlarge the coverage to include other individuals foreign to the insurer." *Id.*

In this case, Mid-State Properties, Rodney LeRose, II, and Jonathan LeRose are not named in the insurance contract between Harco and Mid-State Automotive, Inc. and Mid-State Ford, LLC. Therefore, they may not maintain a suit under the insurance policy.

Plaintiffs argue that even though Mid-State Properties, Rodney LeRose, II, and Jonathan LeRose are not named under the insurance policy, they nevertheless have an "insurable interest." Pls. Resp. Mot. Summ. J. [ECF 22] 4. In doing so, they cite a case from 1912, *Scott v. Dixie Fire Ins. Co.*, 74 S.E. 659, 660 (1912), and a Connecticut state court case, *Wilcox v. Webster Ins. Co.*, 982 A.2d 1053 (2009). This Court is not required to follow Connecticut case law. In addition, Plaintiffs mischaracterize the

4

*Scott* case, which addressed the interests of a partnership after an insurance policy was issued to the partnership and one of the partners had died. *See generally Scott*, 74 S.E. at 659–61. The case does not address the issue here. And to clarify, the issue of "insurable interest" arises when there is a question as to whether a person or entity that takes out insurance on the property can recover under the policy. "[A] person who is not either a party to the insurance contract or one for whose benefit it was written is not entitled to a share of the insurance proceeds by the mere fact they have an insurable interest in property...." *Mazon v. Camden Fire Ins. Ass'n*, 389 S.E.2d 743, 745 (1990). Plaintiffs fail to address the more recent West Virginia case law which states that non named individuals may not maintain a breach of contract suit under an insurance policy. *See Farmers*, 778 S.E.2d at 723.

As for the Hayseeds damages claim in Count II, breach of the implied covenant of good faith and fair dealing in Count III, and the unfair claims settlement practices claim in Count IV, all of these claims arise out of the breach of contract claim under the Harco insurance policy. The cases cited by Plaintiffs are liability insurance cases which do not expand a property insurance contract to allow non named parties to sue under the policy. Specifically, *Loudin*, a liability insurance case cited by Plaintiffs, actually supports Defendant Harco's position that only policyholders can sue under an insurance breach of contract claim.[1] *Loudin v. Nat'l Liab. & Fire Ins. Co.*, 716

---

[1] *Loudin* also clarifies third-party claimants. *Loudin v. Nat'l Liab. & Fire Ins. Co.*, 716 S.E.2d 696, 700–03 (2011). Plaintiffs do not contend that they should be considered third-party claimants or third-party beneficiaries, so this Court will not address any such arguments.

S.E.2d 696, 700–03 (2011).

Accordingly, summary judgment is **GRANTED** as to the claims brought by Plaintiffs that are not named insureds under the Harco Policy, which are Mid-State Properties, Rodney LeRose, II, and Jonathan LeRose.

### IV. Conclusion

For the reasons stated herein, Defendant Harco National Insurance Company's Motion for Summary Judgment as to Claims Brought By Plaintiffs That Are Not Named Insureds Under the Harco Policy. [ECF No. 13] is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 10, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE