IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MID-STATE AUTOMOTIVE, INC., et al.,

    Plaintiffs,

v.                                      CIVIL ACTION NO. 2:19-cv-00407

HARCO NATIONAL INSURANCE CO.

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Harco National Insurance Company's Motion to Compel Appraisal. [ECF No. 26]. For the reasons that follow, the Motion is **DENIED**.

Defendant Harco National Insurance Company ("Harco") brought the current action against Plaintiffs seeking enforcement of its contractual right to have a portion of the current dispute resolved by an appraisal panel. Plaintiffs obtained insurance coverage from Harco, a Commercial – Special Form insurance policy, number CPP000654101 ("the Policy"), and submitted a property insurance claim. The Policy provides that if the parties disagree over the amount of loss, "either may make written demand for an appraisal of the loss." Ex. 1 [ECF No. 28-1]. The Policy also states that Harco will pay Plaintiffs when they have either reached an agreement *or* an appraisal award has been made. Ex. 2 [ECF No. 28-2]. On July 31, 2019, Harco demanded appraisal of Plaintiffs' business interruption and extra expense claims.

Def. Mem. Mot. Compel [ECF No. 27]. Plaintiffs considered the appraisal demand and rejected it. *Id.* Harco then proceeded to file a motion with this Court compelling appraisal.

The litigation here is essentially a breach of contract claim—Harco is alleging Plaintiffs breached the insurance contract between them by refusing to comply with the appraisal provisions. However, instead of Harco pursuing a remedy at law, Harco is demanding injunctive relief and asks this Court to order Plaintiffs to perform on the contract.

It is a well-established principle of law that specific performance "is not a matter of right in either party, but rests in the sound discretion of the court, to be determined from all the facts and circumstances of the case." *Safeco Ins. Co. of Am. v. Mountaineer Grading Co.,* No. 2:10-CV-01301, 2012 WL 830158, at *10 (S.D.W. Va. Mar. 9, 2012) (quoting *Brand v. Lowther,* 285 S.E.2d 474, 479 (W. Va. 1981)). Specific performance is "an extraordinary act of grace on the part of the court, to be granted only where the plaintiff makes out his case fully, and there is not only no actual fraud or mistake, but there is no hardship or oppression, even though these do not amount to legal or equitable wrong." *Id.* The party seeking specific performance must establish that it is entitled to specific performance by a clear preponderance of the evidence. *Id.* Notably, a party is not entitled to specific performance if there is an adequate remedy at law. *Mann v. Golub,* 389 S.E.2d 734, 737 n.11 (W. Va. 1989). Although some jurisdictions treat appraisal similarly to arbitration, West Virginia has stated that it is "reluctant to apply our arbitration law to an insurance

policy appraisal provision that is neither mandatory nor the exclusive remedy for settling casualty losses." *Smithson v. U.S. Fid. & Guar. Co.*, 411 S.E.2d 850, 857 (W. Va. 1991).

In this case, Harco is the party seeking specific performance of the contract, and thus it bears the burden of establishing that it is entitled to specific performance by a preponderance of the evidence. *See Brand,* 285 S.E.2d at 479. However, Harco has failed to offer any evidence demonstrating why its remedies at law are inadequate. Harco only asserts that Plaintiffs failed to perform under the appraisal provision of the contract, and therefore it is entitled to specific performance.

Thus, the Court **FINDS** that Harco failed to demonstrate by a preponderance of the evidence that it is entitled to specific performance. Accordingly, Defendant's Motion to Compel Appraisal [ECF No. 26] is **DENIED.** The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                            ENTER:     January 22, 2020

                            JOSEPH R. GOODWIN
                            UNITED STATES DISTRICT JUDGE